# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE MCDOWELL, | ) | CASE NO. 1:20-cv-297 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the report and recommendation of the magistrate judge in the above-entitled action. Under the relevant statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [. . .]

28 U.S.C. § 636(b)(1)(C). The R&R was filed on April 19, 2021 (*see* Doc. No. 19) and objections would have been due on May 3, 2021. Under Fed. R. Civ. P. 6(a) & (d), three (3) additional days are added for service, making the objections due on May 6, 2021. No objections were filed on or before that deadline, and no extension of time has been sought or given.

In this Circuit, "failure to object to a magistrate judge's [r]eport and [r]ecommendation results in a waiver of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and

"[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").[1] Here, the R&R placed the parties on notice as to the potential for forfeiture in the event of failure to object. (*See* R&R at 3594.[2])

The R&R recommends affirming the Commissioner's decision that denied plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income. The Court has reviewed the R&R, finds it to be thoroughly written and well-reasoned, and, therefore, accepts the same.

Accordingly, the Court adopts the R&R's conclusion that the Commissioner's decision was supported by substantial evidence and must be **AFFIRMED.** This case is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Dated: May 12, 2021

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Sixth Circuit recently clarified this rule—holding that failure to object is not a *waiver*, but a *forfeiture*. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2, 111 S. Ct. 2631, 115 L. Ed. 2d 764 (1991) (Scalia, J., concurring). "This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

[2] Page references are to the page identification number assigned by the court's electronic filing system.

2